**UNITED STATES DISTRICT COURT**
**MIDLE DISTRICT OF TENNESSEE AT NASHVILLE**

| | | |
|---|---|---|
| **CARA LEMON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MT. JULIET RE COMPANY LLC D/B/A KELLER WILLIAMS MOUNT JULIET and DONNA KNIGHT,**<br><br>**Defendants.** | ) | **Case No. _______________**<br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Cara Lemon ("Plaintiff Lemon"), by and through counsel, brings this *Complaint* for causes of action against Defendant Mt. Juliet RE Company, LLC d/b/a Keller Williams Mount Juliet ("Defendant Keller Williams") and Defendant Donna Knight ("Defendant Knight"), and would show as follows:

## THE PARTIES

1. Plaintiff Cara Lemon is a citizen of the state of Kansas and resides in Riley County, Kansas.

2. Defendant Mt. Juliet RE Company, LLC d/b/a Keller Williams Mount Juliet is a Limited Liability Company incorporated in the state of Tennessee with its principal place of business located at 2031 N Mount Juliet Road, Suite 101, Mount Juliet, Tennessee, 37122. Defendant Keller Williams may be served with process via its registered agent, David Huffaker, at 2031 N. Mount Juliet Road, Suite 101, Mount Juliet, Tennessee, 37122-4498.

3. Defendant Donna Knight is a citizen of the State of Tennessee and resides at 2685 Old Lebanon Dirt Road, Mount Juliet, Tennessee 37122.

## JURISDICTION AND VENUE

4. Jurisdiction in this Judicial District is proper, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff Lemon and Defendants Keller Williams and Knight are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this Judicial District is proper in that the subject matter of this action arose in this Judicial District.

## FACTS

### A. Plaintiff Lemon enters into a Management Agreement with Mullins Realty Group for Property Management Services

6. Plaintiff Lemon owns residential property located at 111 Hamblen Avenue, Old Hickory, Wilson County, Tennessee 37138 ("Property" or "Home").

7. On or about March 9, 2016, Plaintiff Lemon entered into a Management Agreement ("Mullins Management Agreement") with Mullins Realty Group, LLC for property management services, including, but not limited to, renting, leasing, operating, and managing the Property for a fee of ten percent (10%) of rent collected, $300 per unit upon signing, and $150 on lease renewals.

8. The Management Agreement was signed by Defendant Knight, who was an agent and/or employee of Mullins Realty Group, LLC.

9. Defendant Knight rented the Property to various tenants beginning in March of 2016.

10. Defendant Knight never provided Plaintiff Lemon any lease documents for the period March 9, 2016, to June 1, 2018.

11. Upon information and belief, Mullins Realty and Defendant Knight entered into a residential lease agreement with unnamed tenants in March 2016 for two one-year terms.

**B. Defendant Donna Knight transfers her agency and duties to Defendant Keller Williams**

12. On or about March 2017, upon information and belief, Defendant Knight transferred her agency and/or employment from Mullins Realty to Defendant Keller Williams.

13. On or about March 27, 2017, upon Defendant Knight's transfer to Defendant Keller Williams, Plaintiff Lemon signed a new management agreement with Defendant Keller Williams ("*Keller Williams Management Agreement*") for a one-year term that would continue to renew for a like term unless written notice provided otherwise. A true and correct copy is attached hereto as **Exhibit A.**

14. On or about June 5, 2018, Defendant Keller Williams, as Property Manager/Landlord, entered into a Residential Lease Agreement with Brittany Brooksher, Debbie Brooksher, and Ethel Fuston ("Tenants"), as tenants for a term of 6 months, ending November 30, 2018. It was signed by Defendant Knight as Property Manager. A true and correct copy is attached hereto as **Exhibit B**.

15. Defendants never provided Plaintiff Lemon any lease renewal documents with the Tenants for the six-month period December 1, 2018, to June 1, 2019.

16. On or about July 30, 2019, Defendant Keller Williams, as Manager/Landlord, entered an Amendment to the Residential Lease Agreement, granting a new lease term from June 1, 2019, to May 31, 2020, to Brittany Brooksher, Debbie Brooksher, and Ethel Fuston. A true and correct copy is attached hereto as **Exhibit C**.

17. Defendant Knight never provided Plaintiff Lemon any lease agreement with the Tenants for the period June 1, 2020, to September 30, 2022.

18. Each year, Defendant Knight provided incorrect yearly expense reports for the Property.

19. On or about September 20, 2022, Defendant Keller Williams, as Manager/Landlord, entered a new Rental Agreement, granting a new lease term from October 1, 2022, to September 30, 2023, to Brittany Brooksher, Debbie Brooksher, and Ethel Fuston. A true and correct copy is attached hereto as **Exhibit D.**

**C. Beginning in April 2023, Tenants begin to fall behind on rent.**

20. Beginning in April of 2023, the Tenants began to fall behind on rent.

21. The Tenants were late paying rent by two weeks in April 2023, over a month late for May 2023 and June 2023, over a month and a half late for July 2023, and two months late for August 2023.

22. On or about August 16, 2023, Plaintiff Lemon asked Defendant Knight to begin the eviction process for the Tenants and post a notice of eviction.

23. On or about August 18, 2023, Defendant Knight stated to Plaintiff Lemon via text message that she will begin the eviction process on Monday, August 21, 2023.

24. Upon information and belief, as of September 23, 2023, Defendant Knight had not begun any eviction process as promised and/or posted any eviction notice.

25. Furthermore, as of October 10, 2023, the Tenants had only made a partial payment for August 2023, which put the Tenants more than two months behind on their rent.

26. Upon information and belief, the Tenants agreed to vacate the Property by October 2023.

**D. Tenants Cause Extreme Damage to the Property**

27. On or about October 25, 2023, Defendant Knight's assistant, Nadine, visited the Property to check and see whether the Tenants had vacated the Property.

28. However, upon information and belief, Ms. Nadine did not enter the Property because she did not feel comfortable entering the Home due to its condition.

29. Upon information and belief, Ms. Nadine returned to the Property the next day to film the damage done to the property.

30. The Tenants had left garbage across the front yard, the backyard, and throughout the home.

31. On or about November 2, 2023, three large dumpsters were filled with property and trash that had been left behind by the Tenants.

32. In addition to the property and trash left behind, there appeared to be apparent microbial growth and/or mold all over the home, including but not limited, to the ceiling and bathroom, as can be seen by pictures taken of the home on or about December 19, 2023.



33. In addition, fecal matter covered large portions of the bathroom and some of the bedroom walls.






34. Additionally, there appeared to be advanced wood rot under large portions of the bathroom and kitchen.






35. The bedroom floors were severely stained and the bedroom walls were torn up.






36. All of the cabinets were also beyond repair.




37. Upon information and belief, the total cost to repair the property damage to the home exceeds one hundred and fifty thousand dollars ($150,000.00).

**E. Defendants fail to visit the Property**

38. Upon information and belief, Defendant Donna Knight and/or Defendant Keller Williams failed to appropriately visit and/or inspect the Property for an extensive period of time.

39. On November 10, 2023, Plaintiff Lemon notified Defendant Knight by email that she was terminating the *Keller Williams Management Agreement* with the Defendants.

**From:** Cara Lemon <lemoncara@yahoo.com>
**Date:** November 10, 2023 at 2:37:23 PM CST
**To:** "C. Donna Knight" <cdonnasellhomes@gmail.com>
**Subject: 111 Hamblen Ave**

Donna,

I have returned back home to Manhattan Kansas, and I was hopeful that you would have met me at my property at some point throughout the time I was there. I have hired my own contractors and also have filed a claim with my insurance to further see if anything will be covered. It's very difficult for me to believe that you had visited the tenants at my property two months ago without noticing the horrific stench, the mold infestation, and the two large trees that are noticeably down in the backyard from the street view. The tenants continuously indicated that they were struggling to pay rent on time for the past several months, and I am certain that they provided many red flags to you throughout this period. A move out inspection should have been completed in September, when their lease was up. I am in disbelief, and honestly very saddened that due to gross negligence, this is the outcome. It appears that the utilities have been disconnected for quite some time, and I will further retrieve exact dates throughout this tedious process. Do you have exact dates of when the trees were down from a bad storm? They have been down a while. I would encourage you to go view the property at your own convenience, obviously. I do not want any further work done on the property moving forward, I will proceed moving forward with a team of people that I select.

Cara Lemon

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

40. Plaintiff Lemon restates and incorporates by reference as if fully set forth herein the allegations contained in all of the previous paragraphs herein.

41. The acts and omissions of Defendant Keller Williams and/or Defendant Knight alleged herein constitute a cause of action for breach of contract.

42. The *Keller Williams Management Agreement* attached to this *Complaint* is a valid and binding contract between Plaintiff Lemon and Defendant Knight and/or Defendant Keller Williams.

43. The actions and omissions of Defendant Keller Williams and/or Defendant Donna Knight constitute a violation and breach of the express terms and implied duties under the *Management Agreement*.

44. The actions and omissions of Defendant Keller Williams and/or Defendant Donna Knight are also a breach of the implied covenant of good faith and fair dealing, which is inherent in every contract in Tennessee.

45. As a result of the breach of the *Keller Williams Management Agreement* and covenant of good faith and fair dealing the Plaintiff Lemon has, and continues, to suffer significant damages.

**<u>COUNT II: NEGLIGENCE</u>**

46. Plaintiff Lemon restates and incorporates by reference as if fully set forth herein the allegations contained in all of the previous paragraphs herein.

47. Defendant Keller Williams and Defendant Donna Knight's actions and omissions constitute a claim for negligence and/or gross negligence resulting in significant property damage to Plaintiff Lemon.

48. In Tennessee, "[i]n order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: '(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause.'" *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citations omitted).

49. In Tennessee, "to prevail on a claim of gross negligence, a plaintiff must demonstrate ordinary negligence and must then prove that the defendant acted with utter unconcern for the safety of others, or with such a reckless disregard for the

rights of others that a conscious indifference to consequences is implied in law. *Leatherwood v. Wadley*, 121 S.W.3d 682 (Tenn. Ct. App. 2003).

50. Furthermore, a Plaintiff may be entitled to recover punitive damages for the grossly negligent, consciously indifferent, and reckless conduct of a Defendant. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 900-01 (Tenn. 1992) ("As stated earlier, Tennessee presently allows punitive damages in cases involving fraud, malice, gross negligence, oppression, evil motives, conscious indifference, and reckless conduct implying 'disregard of social obligations.'. . . In Tennessee, punitive damages can be awarded only upon a finding that a defendant 'acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly.'"); TENN. CODE ANN. § 29-39-104 (West 2024) ("Punitive damages may only be awarded if the claimant proves by clear and convincing evidence that the defendant against whom punitive damages are sought acted maliciously, intentionally, fraudulently or recklessly[.]").

51. Defendant Keller Williams and/or Defendant Knight owed a duty of care to the Plaintiff.

52. Defendant Keller Williams and/or Defendant Knight's conduct fell below the applicable standard of care such that their conduct amounts to a breach of the duty of care.

53. Upon information and belief, the acts and omissions of Defendant Keller Williams and/or Defendant Knight, including, but not limited to, their failure to visit and/or inspect the Property for a period of over three (3) years while they were managing and/or serving as the landlord of the Property, were so gross and wanton

and done with such a reckless disregard for the rights of Plaintiff Lemon as to constitute a conscious indifference to consequences. Those actions are such that the conscious indifference is implied in law.

54. Upon information and belief, the acts and omissions of Defendant Keller Williams and/or Defendant Knight, including, but not limited to, their failure to visit and/or inspect the Property for a period of over three (3) years while they were managing and/or serving as the landlord of the Property, were so gross and wanton as to amount to willfulness on the part of the Defendants such that the Plaintiff should be entitled to punitive or exemplary damages.

55. Upon information and belief, Defendant Keller Williams and/or Defendant Knight were aware of, but consciously disregarded, a substantial and unjustifiable risk with regard to their management (or lack thereof) of the Property that was of such nature that their disregard constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Swift v. Old Dominion Freight Lines, Inc.*, 583 F. Supp. 3d 1125, 1135, 2022 WL 1810721 (W.D. Tenn. 2022) ("'A person acts recklessly when the person is aware of, but consciously disregards, a *substantial* and unjustifiable risk of such nature that its disregard constitutes a *gross deviation* from the standard of care that an ordinary person would exercise under all the circumstances.'") (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992) (emphasis in original)).

56. Defendant Keller Williams' and/or Defendant Knight's negligent, reckless, grossly negligent conduct and/or acts or omissions with conscious or reckless

disregard were the cause in fact, and proximate, or legal, cause of the damage to Plaintiff's Home.

57. As a direct and proximate result of Defendant Keller Williams, and/or Defendant Knight's acts and omissions, Plaintiff Lemon has suffered significant property damage to her home.

58. Furthermore, Defendant Keller Williams is vicariously liable for the negligent acts and/or omissions of its employees and/or agents, including, but not limited to, Defendant Knight, in failing to properly manage and/or perform the normal and customary duties of the property manager/landlord of this Property.

59. Pursuant to TENN. CODE ANN. § 29-39-104(g)(1), Defendant Keller Williams may be vicariously liable to Plaintiff Lemon for punitive damages based on vicarious liability for the acts or omissions of an agent or employee if the finder of fact determines by special verdict based on clear and convincing evidence that one or more of the following has occurred:

> (A) The act or omission was committed by a person employed in a management capacity while that person was acting within the scope of employment;
>
> (B) The defendant was reckless in hiring, retaining, supervising or training the agent or employee and that recklessness was the proximate cause of the act or omission that caused the loss or injury; or
>
> (C) The defendant authorized, ratified or approved the act or omission with knowledge or conscious or reckless disregard that the act or omission may result in the loss or injury.

60. Upon information and belief, Defendant Knight's actions or omissions were committed while she was employed in a management capacity and acting within the scope of her employment with Defendant Keller Williams.

61. Upon information and belief, Defendant Keller Williams was reckless in hiring, retaining, supervising and/or training Defendant Knight, and that recklessness was the proximate cause of the act or omission that caused Plaintiff Lemon's loss in this case.

62. Upon information and belief, Defendant Keller Williams authorized, ratified or approved the acts or omissions by Defendant Knight with knowledge or conscious or reckless disregard that the acts or omissions may result Plaintiff Lemon's loss.

63. As detailed above, Defendant Keller Williams was reckless in hiring, retaining, supervising, or training Defendant Knight, and such recklessness was the proximate cause of the act or omission that caused the Plaintiffs' losses and injuries.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lemon prays for the following relief:

1. That this Court exercise jurisdiction on the parties to this action and subject matter hereof;

2. That proper process be issued and served on each Defendant, requiring them to appear and answer this *Complaint* within the time provided by law;

3. That the Court award Plaintiff Lemon all compensatory damages she is entitled to under the law in an amount to be determined at trial for the Defendants' breach of contract;

4. That the Court award Plaintiff Lemon all compensatory damages she is entitled to under the law in an amount to be determined at trial for the Defendants' negligence;

5. That the Court award Plaintiff Lemon all punitive or exemplary damages she is entitled to under the law in an amount to be determined at trial for the Defendants' grossly negligent, consciously indifferent, and/or reckless conduct not to exceed an amount equal to two (2) times the total amount of compensatory damages awarded or five hundred thousand dollars, whichever amount is greater, as provided in TENN. CODE ANN. § 29-39-104;

6. An award of all pre-judgment and post-judgment interest Plaintiff Lemon is entitled to;

7. An award of all discretionary costs and court costs;

8. A jury be empaneled for the trial of this cause; and

9. That this Court grant any such other and further relief it deems just and equitable, or to which the Plaintiff may otherwise be properly entitled under the law.

Respectfully Submitted,

BELL, McCANN & McINTEER, PLC

s/ Matthew W. McInteer
Matthew W. McInteer (BPR No. 022923)
Justin F. Seamon (BPR No. 029382)
713 Melpark Drive
Nashville, TN 37204
Tel: (615) 292-2600
Fax: (615) 829-8440
matthew@b2mlaw.com
justin@b2mlaw.com
*Attorneys for the Plaintiff Lemon*